```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


RONNIE STEVENS COBY,              :

     Plaintiff,                   :

vs.                               :
                                        CIVIL ACTION 11-0512-WS-M
MICHAEL J. ASTRUE,                :
Commissioner of
Social Security,                  :

     Defendant.                   :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant (Doc. 13) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Jurisdiction has been invoked in this Court under 42 U.S.C. § 405(g). It is recommended that the Motion to Dismiss (Doc. 13) be granted and that this action be dismissed, without prejudice.

Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (*see* Doc. 13, p. 2). Defendant moved to dismiss the action, claiming that Coby has filed it prematurely (Doc. 13). Plaintiff has responded to Defendant's motion (Doc. 15).

Defendant has asserted that the history of this action is

1

as follows:

> Plaintiff filed applications for Title II and Title XVI benefits on January 12, 2006, which were denied by the agency in an administrative law judge's (ALJ) decision dated October 29, 2008.  After the Appeals Council denied a request for review, Plaintiff filed a civil action in the United States District Court for the District of Alabama.  On June 3, 2010, the Court remanded the case to an ALJ.  On February 11, 2011, the ALJ issued an unfavorable decision and Plaintiff filed exceptions with the Appeals Council on February 28, 2011.  Plaintiff's exceptions are currently pending before the Appeals Council.

(Doc. 13, p. 2; see also Doc. 13, Herbst Declaration).  The Court notes that Plaintiff has not disputed Defendant's assertion of these particular facts (see Doc. 15).

Under the social security regulations, Plaintiff cannot file an action in federal court, asserting claims of disability, until after the Appeals Council has either denied his request for review of the ALJ's decision or issued a decision on his claims.  20 C.F.R. § 404.981 (2011).  As Coby's claims are still pending before the Appeals Council, this action is prematurely filed.  Once the Appeals Council either denies review of his claims or issues a decision on those claims, Plaintiff will have sixty days, from receipt of the Appeals Council's letter notifying him of their decision, to file an action in this Court

under 42 U.S.C. § 405(g).

Therefore, it is recommended that Defendant's Motion to Dismiss be granted (Doc. 13) and that this action be dismissed, without prejudice.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief

3

>       in support of the objection may be deemed an
>       abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 1st day of March, 2012.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE